**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Nicole Bockelman
Assistant U.S. Attorney
Nicole.Bockelman@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 23, 2026

Per C. Olson
1000 SW Broadway, Suite 1740
Portland, Oregon 97205

Re: *United States v. Christopher Hermens,* Case No. 3:25-cr-00319-AN
Plea Agreement

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to **Count 4** of the Indictment which charges him with **Firearms Trafficking**, in violation of 18 U.S.C. § 933(a)(1).

3. **Penalties**: The maximum sentence of Count 4 is fifteen years' imprisonment, a fine of $250,000, three years of supervised release and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that pleading guilty to the charge(s) in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), and defendant is not a U.S. citizen, such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: As part of this agreement, the USAO agrees to dismiss all remaining counts charged against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**:

A. In order for defendant to be found guilty of **Count 4 of the Indictment,** the government must prove the following elements beyond a reasonable doubt:

1. First, from on or about January 23, 2025 until February 6, 2025, in the District of Oregon;

2. Second, Christopher Hermens, transported or transferred a firearm, to wit: a Sig Sauer pistol, model P320 9mm, serial number M18-090789; a Glock pistol, model 48, 9mm, serial number: BFZD892; a Smith & Wesson pistol, model M&P 45, serial number DUK9289; a Glock pistol model 20, 10 mm, serial number: BXML994; a IWI rifle, model Z-15, serial number: Z0024539; a Smith & Wesson pistol, model M&P Bodyguard, serial number: KHY7297; a Glock pistol model 27, serial number: obliterated.

3. Third, the receipt of the firearms affected interstate commerce

4. Finally, defendant knew or had reasonable cause to believe that the use, carrying or possession of a firearm by the recipient would constitute a felony. Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant agrees that he has committed each of the elements of the crimes to which defendant is pleading guilty, admits there is a factual basis for defendant's guilty plea, and that the government could prove the elements true beyond a reasonable doubt at trial.

In July of 2023, special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), began their investigation into members of the Norteño and Varrio Catorce gang in Salem, Oregon distributing firearms and controlled substances.

On January 14, 2025, undercover agents with ATF set up a controlled buy of cocaine and marijuana from defendant. An undercover agent with ATF met with defendant in Beaverton, Oregon and bought 35 grams of cocaine and 1.2 pounds of marijuana. While the undercover agent was in defendant's vehicle after the drug sale was complete, defendant removed a firearm from his waistband and described it as a P80 9mm (a privately manufactured firearm). The

undercover agent told defendant that he was interested in buying guns that he would sell to felons and that the undercover agent needed the firearms to function properly. Defendant told the agent he could get guns for "$300-$400" and took out the black pistol from his waistband. Defendant told the agent the gun was a "P-80 Ghost Glock" and offered to sell the undercover agent guns in the future.

On January 23, 2025, defendant and the undercover ATF agent agreed to meet for the sale of firearms and cocaine. The defendant and three other individuals met with the undercover agent in Tualatin, Oregon. The undercover agent told defendant that the people that the agent sold the guns to may commit criminal acts with the guns and he asked defendant if he should shave off the serial numbers on the firearms and was told, "it's your call". The undercover agent paid defendant $4,500 for 32 grams of cocaine and firearms 1-5 listed in Count 4.

On February 6, 2025, the undercover agent with ATF met with Hermens for the sale of firearms and marijuana. The undercover agent entered defendant's vehicle, and defendant told the agent the guns were inside the shoebox in the backseat of the car under the marijuana. The marijuana weighed over 2 pounds. The agent asked if the guns were hot, and defendant shook his head indicating "no". Defendant told the agent the .380 had a "beam" on it. The agent paid defendant the agreed upon amount for a Smith & Wesson pistol, model M&P Bodyguard, serial number KHY7297 and a Glock pistol model 27, with an obliterated serial number.

**6. Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

**7. Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG §2K2.1(a)(4), is a Base Offense Level of 20, prior to adjustments.

**8. Specific Offense Characteristics Enhancement**: Defendant is subject to a two-level enhancement because of the number of firearms involved in his firearms offense under U.S.S.G. § 2K2.1(b)(1)(A). Defendant is subject to a five-level enhancement under U.S.S.G. § 2K2.1(b)(1)(6)(C) because defendant transported, sold or otherwise disposed of two or more firearms having reason to believe that such conduct would result in the receipt of the firearms by an individual who intended to use or dispose of the firearms unlawfully. Defendant is subject to a four-level enhancement because the firearms possessed by defendant were possessed in connection with another felony offense under U.S.S.G. § 2K2.1(b)(7).

**9. Role Adjustment**: The parties have no agreement about the applicability of an aggravating role adjustment under U.S.S.G. § 3B1.1(c). The government is free to recommend a two-level role adjustment for defendant's leadership activities during this investigation and defendant is free to oppose a leadership adjustment. The parties agree the Court's ultimate

decision to impose or forego a role adjustment will not alter the joint recommendation negotiated by the parties of 120 months imprisonment.

**10. <u>No Zero-Point Offender</u>**: The parties agree defendant does not qualify as a "Zero Point Offender," pursuant to U.S.S.G. § 4C1.1.

**11. <u>Additional Departures, Adjustments, or Variances</u>**: The USAO and defendant will jointly recommend any variance under 18 U.S.C. § 3553(a) necessary to achieve a joint recommendation of 120 months' imprisonment.

**12. <u>Joint Sentencing Recommendation</u>**: The USAO and Defendant will jointly recommend a sentence of 120 months prison with 3 years of supervised release as long as defendant demonstrates an acceptance of responsibility as explained above and does not violate any terms of his pretrial supervision.

The defendant has also negotiated a global resolution with the Washington County DA's Office in case number 25CR15675. Following defendant's guilty plea in this federal case, it is anticipated defendant will plead guilty in Washington County and the DA's Office will recommend a 65-month sentence to run concurrent to this federal case. The USAO does not object to the state sentence running concurrently with defendant's federal case.

**13. <u>Guidelines Calculations are Estimates Only</u>**: The guideline calculations above are set forth as estimates only and the parties understand that the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties. There is no agreement as to the defendant's criminal history or the applicability of any other Sentencing Guideline adjustments.

**14. <u>Forfeiture Terms:</u>**

A. **<u>Assets and Authority</u>**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), 18 U.S.C. § 934(a)(1)(A) and 18 U.S.C. § 934(a)(1)(B), including the items listed in the Bill of Particulars filed in this case, as property constituting, or derived from the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity and any firearms and ammunition involved in or used in the commission of the offenses set forth in Count Three and Four of the Indictment.

B. **<u>Agreement to Civil Forfeiture</u>**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any

forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

**15. Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

**16. Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

**17. Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

**18. Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

**19. Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

**20. Deadline**: This plea offer expires if not accepted by June 30, 2026 at 5 p.m.

Sincerely,
SCOTT E. BRADFORD
United States Attorney

/s/ *Nicole Bockelman*

NICOLE BOCKELMAN
Assistant United States Attorney

**Acceptance of Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7.7, 2026
Date

Christopher Hermens
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/7/2026
Date

Per Olson
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

Date

Interpreter (if necessary)